## MIDDLESEX RAILROAD COMPANY *vs.* BOSTON & CHELSEA RAILROAD COMPANY.

Suffolk. March 10, 11. — June 27, 1874. COLT & ENDICOTT, JJ., absent

A contract by which a horse-railroad corporation transfers the entire control of its road with all its franchises, receiving in return only a fixed rent paid in the form of a dividend to its stockholders, is *ultra vires,* and void.

The lessee of a horse-railroad cannot recover of the lessor for the expense of renewing the road, except in a suit upon the contract of lease, and if this contract is *ultra vires,* no action can be maintained in any form.

B., a corporation owning a horse-railroad, made a contract with A., by which the latter was to construct and run the road, paying a rent to B., of $5600 a year, which was equal to eight per cent. on one half of its shares of stock, the other shares being deferred stock and receiving no dividend therefrom. All the net earnings above $11,200 a year were to be divided between A. and B. It was also agreed that if any of the materials used in the construction of the road should be worn out or become unfit for use, and the track should require to be renewed, and the cost of renewal in any one year should exceed $1000, the expense should be paid from a sinking fund, to be set apart, one half by each of the parties, from the surplus income after a dividend of eight per cent. should be paid upon all the stock of A., " or if said fund shall not be sufficient, then the same shall be provided in such a way as may be found equitable." B. assigned the contract to C., and by a contract between A. and C., A. assented to the assignment and relinquished all claim under the contract to any participation in the profits or earnings of the demised road, and also agreed to cancel six hundred shares of its stock, and to reduce its capital to the sum of one hundred and ten thousand dollars. C. agreed to pay A. $8800 a year instead of $5600. To secure this arrangement the shareholders of the deferred stock of A. paid to C. $20,000, and C. guaranteed a dividend of eight per cent. to the stockholders of A. In an action by C. against A., to recover the expense of renewals of the road, *held,* that no action would lie.

CONTRACT to recover one half of the expense of certain renewals of structures incurred by the plaintiff under a contract

made originally by the defendant with the Malden & Melrose
Railroad Company, and assigned by the latter to the plaintiff.
The case was heard before *Wells*, J., who reserved it for the con-
sideration of the full court, in substance as follows :

On September 15, 1858, a contract was entered into between
the defendant of the first part and the Malden & Melrose Rail-
road Company of the second part, the material portions of which
are as follows :

" First. That the said party of the first part hereby agrees to
construct the railroad tracks in the cities of Chelsea and Charles-
town as therein located, and according to the contract and specifi-
cations this day entered into between said party of the first part
and M. M. Hodgman ; and also to construct stables and car-houses
according to the plans and specifications submitted therefor, on
land corner of Broadway and Eleanor Streets ; the work on said
road to be commenced forthwith ; the construction thereof com-
pleted according to said specifications ; and said stables and car-
nouses to be erected ready for running on or before the first day
of November next."

" Fifth. Said party of the second part hereby agrees to pay to
the party of the first part on the first days of October and April,
commencing on the first day of October, A. D. 1859, in each and
every year during the said term for which the above grant is
made, one half part of the rent herein reserved and agreed to be
annually paid. The rent shall be at the rate of five thousand six
hundred dollars per annum, and shall continue at this rate until
the net earnings of the cars employed by the said party of the
second part and running between Chelsea and Boston amount to
the sum of $11,200 per annum. All the net earnings over and
above said sum shall be equally divided between the two parties
hereto, semi-annually, and paid as above provided. It is agreed
by the parties hereto that the expenses of operating said road and
running the cars between Chelsea and Boston, and keeping the
same in repair, shall be calculated from the number of horses
employed, estimating the cost of each horse at one hundred and
thirty-five cents per day, and allowing that each horse can travel
thirteen miles a day for 313 days in each year ; and to the cost
thus ascertained the toll paid the Chelsea Bridge Corporation
shall be added, to make up the whole expense of operating."

" Seventh. Said party of the second part agrees to furnish proper cars, horses, stock and other articles suitable for operating said railroad and running cars between Chelsea and Boston ; that it will run cars as aforesaid as frequently as the public convenience requires, except when prevented by unavoidable casualties ; and will keep said railroad, together with such portions of the streets and bridges, respectively, as shall be occupied by the tracks of said railroad, in good and proper order and repair ; and keep and perform all the agreements between the Salem Turnpike and Chelsea Bridge Corporation and the party of the first part, to be kept and performed by said party of the first part ; provided, however, that if any of the materials used in the construction of the road shall be worn out or become unfit for use, and the track shall be required to be renewed, and the cost of such renewal properly assessed, on any one year, shall exceed one thousand dollars, then the expense thereof shall be defrayed from a sinking fund, to be set apart, one half by each of the parties hereto, from the surplus increase, after eight per cent. shall have been divided upon all the stock of said party of the first part ; which fund shall be equal to one per cent. a year upon the capital of said party of the first part, and shall be invested in the stock of said Boston & Chelsea Railroad Company ; or if said fund shall not be sufficient, then the same shall be provided in such a way as may be found equitable."

On April 16, 1863, the plaintiff and the defendant entered into the following contract :

" Whereas the Malden & Melrose Railroad Company did on the         day of        A. D. 1862, assign the annexed contract to the Middlesex Railroad Company ; and whereas the said Middlesex Railroad Company did on that day enter upon and take possession of the property in said contract demised, and have from that time until the date of these presents operated said railroad and paid to the Boston & Chelsea Railroad Company the rent in and by said contract provided :

" Now, therefore, in consideration of the premises, and of one dollar to it paid by the said Middlesex Railroad Company, the said Boston and Chelsea Railroad Company doth hereby assent to said assignment, and agrees that the said Middlesex Railroad Company may hold said demised property, or may underlet the

same or any part thereof. Provided, however, that the said Middlesex Railroad Company shall do and perform all the agreements and covenants in said contract contained and to be performed by the said Malden & Melrose Railroad Company (save as the same are hereinafter altered) from and after the said 31st day of March, A. D. 1862. It being expressly agreed that the said Middlesex Railroad Company shall not be liable to make good or pay anything for any breach of contract aforesaid, made or suffered by the said Malden & Melrose Railroad Company prior to the said 31st day of March, A. D. 1862. The said Boston & Chelsea Railroad Company doth also further agree that it will abandon, and hereby doth waive and relinquish, all claim under the said contract to any and all participation in the profits or earnings of the railroad or property in said contract demised or growing out of the operation thereof. . And the said Boston & Chelsea Railroad Company doth further agree to cancel six hundred shares of its capital stock and reduce the capital stock of said company to the sum of one hundred and ten thousand dollars divided into two thousand and two hundred shares.

" And the Middlesex Railroad Company, in consideration of the premises, doth agree to pay the said Boston & Chelsea Railroad Company, in the place of five thousand six hundred named in the said contract, the sum of eighty-eight hundred dollars per annum in semi-annual payments, first payment to be made on the first day of October next.

" And the said Middlesex Railroad Company doth agree that its clerk shall sign, upon presentation, a statement written on the face of each certificate of the above named stock of said Boston & Chelsea Railroad Company in the following words : ' Entitled to a semi-annual dividend of two dollars a share, payable by the Middlesex Railroad Company on the first days of April and October, subject to the provisions of the lease assigned to and the contract with said Railroad Company.' "

The award of a referee was made part of the report. From this it appeared that the materials used in the construction of the defendant's road wore out and became unfit for use, and that certain sums were expended by the plaintiff in making repairs or renewals, and the amount properly assessed in each year was stated. The referee also found that there was no sinking fund

raised to defray the expense of such renewals, nor any profits from which such sinking fund could have been raised; that the capital stock of the defendant corporation consisted of 2800 shares at $50 per share, until the rent to be paid to said defendant was raised from $5600 to $8800 per annum; and that when the rent was so raised, the number of said shares was reduced to 2200.

It was also agreed, if admissible, that certain holders of the deferred stock of the defendant company, which at that time had no market value, at or about the time of the making of the contract of April 16, agreed with the plaintiff that if it would pay the rent of $8800 named in said contract whereby eight hundred shares of the deferred stock were made preferred with a guaranteed eight per cent. dividend, that they would pay to the plaintiff $25 per share, and that this was paid to the amount of $20,000, but there was no agreement in regard to the money on the part of the defendant, and none of it was paid by the defendant.

*T. P. Proctor & L. M. Child*, for the plaintiff.

*C. E. Hubbard & W. Emery*, for the defendant.

WELLS, J. The contracts, by which the road and franchises of the defendant corporation were transferred in the first instance to the Malden & Melrose Railroad Company, and afterwards to the plaintiff corporation, were *ultra vires*, and invalid. *Richardson* v. *Sibley*, 11 Allen, 65. They are not merely contracts by which another party is employed to operate the road in behalf and under the direction and control of the corporation owning the franchise, receiving a share of the profits as compensation. The entire control of the road with all its franchises is transferred, the corporation owning it receiving in return only a fixed rent, payable in the form of a dividend to its stockholders.

It is urged however, that this suit is not brought upon the contract itself; but upon a liability for certain expenditures made by the plaintiff for the use and benefit of the defendant, upon its road, and by its procurement.

We do not see how the plaintiff could recover for those expenditures in implied assumpsit, upon all the facts of the case, independently of the written contracts. Being in the actual and exclusive occupation of the road, and running it with and as its own, the cost of repairs and renovation of the track must be regarded as expenses incidental to such use and to be paid from

the gross receipts. In order to recover anything from the defendant, especially in order to recover in the form in which this claim is prosecuted, resort must necessarily be had to the written agreements.

We incline to the opinion that no suit can be maintained, either at law or in equity, on account of the claim which is made in this case, or any part of it, unless such suit is founded upon the written contracts ; and that those being *ultra vires*, the plaintiff has no remedy in either form.

Upon the contracts themselves we come to the same result. By the original agreement with the Malden & Melrose Railroad Company the rent to be paid to the defendant was $5600 per annum, which was equal to eight per cent. on one half of its shares of stock ; the other shares receiving no dividend therefrom, and being therefore called " deferred stock." Whenever the profits or net earnings should be such as to cover that sum and an equal sum to be retained by the lessee, to wit, in all $11,200, the surplus was to be equally divided between the two corporations. The cost of renewals, which were to be made by the lessee, if they should exceed $1000 in any one year, was to be defrayed from a sinking fund, to be set apart, one half by each of the parties, from such surplus income " after eight per cent. shall have been divided upon all the stock of said party of the first part ; which fund shall be equal to one per cent. a year upon the capital of said party of the first part," to wit, the Boston & Chelsea Railroad Company, " or if said fund shall not be sufficient, then the same shall be provided in such a way as may be found equitable."

The agreement between the plaintiff and the defendant, by which the latter assented to the assignment of the lease to the plaintiff, provided that the Boston & Chelsea Railroad Company should abandon, waive and relinquish " all claim under said contract to any and all participation in the profits or earnings of the railroad or property in said contract demised, or growing out of the operation thereof." It was further provided that one half of the " deferred stock " of the Boston & Chelsea Railroad Company should be cancelled, and that the absolute rent to be paid should be increased to $8800, thus securing dividends of eight per cent per annum upon the whole remaining shares of its capital stock

To secure the adoption of this arrangement the shareholders of the " deferred stock " paid to the Middlesex Railroad Company the sum of $20,000, and that corporation was required to indorse upon all the certificates of stock of the Boston and Chelsea Railroad Company a stipulation entitling them to annual dividends to the amount of eight per cent. to be paid by the Middlesex Railroad Company.

This arrangement necessarily defeated that for a sinking fund, from which, primarily, the expenditures were to be repaid; because the sources from which that fund was to be derived no longer remained. There is no stipulation for repayment in any other mode, except in case the fund so provided shall not be sufficient. In that event alone " the same shall be provided in such a way as may be found equitable."

The express agreement of the parties has not only made the accumulation of such a fund impossible, but has provided that the whole rent to be paid shall be absorbed in dividends payable by the Middlesex Railroad Company directly to the shareholders of the Boston & Chelsea Railroad Company, and that the latter corporation should relinquish all right and claim to any further share of the earnings of its road; thus relieving the former corporation from accounting for the separate earnings of the leased road and leaving the latter corporation no means of making or providing for such repayment.

The plaintiff does not show us, and we are unable to see in what way it would be equitable to require the defendant to provide for any part of the expenditures in question. Consequently there must be *Judgment for the defendant.*